KELLY et al. v. CLOW et al.

(Circuit Court, N. D. Illinois, N. D. December 13, 1897.)

PATENTS—NOVELTY—WATER-CLOSETS.

The Smith patent, No. 258,144, for an improvement in water-closets, consisting of a water connection wherein the devices for operating the valve are entirely within the water way with the valve stem projecting therefrom into the hopper, and actuated from within the hopper itself, is void for want of novelty.

Suit by Thomas Kelly and others against James B. Clow & Sons to restrain the alleged infringement of a patent.

Dyrenforth & Dyrenforth, for complainants.
Gridley & Hopkins, for defendants.

GROSSCUP, District Judge. The bill is to restrain the infringement of letters patent No. 258,144, issued to Robert D. O. Smith, May 16, 1882, relating to a new and useful improvement in water-closets. The intended scope of the patent, as well as its controlling feature, is very succinctly stated in the first claim as follows:

"In a water-closet, or other similar receptacle, a water connection, wherein the devices for operating the valve are entirely within the water way, with the valve stem projecting therefrom into the hopper, and actuated from within the hopper itself."

The remaining claims are as follows:

"A valve, D, in the service pipe, combined with a controlling stem, E, entirely within the water way, and a lever, F, within the hopper, to engage with and operate said stem, and mechanism whereby said lever, F, may be actuated. In a water-closet or other receptacle, the combination of the stem entirely within the water way, and actuating mechanism within the bowl, and a water connection provided with a valve, D, and a valve, M, both mounted on and simultaneously operated by the same stem, and an intermediate reservoir to the closet. In a water-closet or other similar receptacle, a water connection provided with a valve, D, combined with a valve, M, and an intermediate reservoir, closed at its top to form an air chamber, and an air valve, which may be placed more or less near the top. In a water-closet or other similar receptacle, a service pipe provided with a valve, D, a valve, M, provided with a chamber, O, and a valve stem, E, common to both of said valves, and a lever, F, actuated by suitable mechanism. In a water-closet or other similar receptacle, a water-service pipe provided with a valve, D, and its operative stem, located entirely within the water way, combined with a compound lever, whereof one member, F, is within the hopper, A, and the other member is outside the same."

The particular advantage of this construction over other constructions has been variously stated by the patentee: First, that it affords no place where water can leak out, excepting into the hopper, where it can do no harm; second, that the valve is located so close to the bowl into which the water is discharged that the volume of water will have no space within which to dissipate or lose its force before it reaches the bowl. In both these respects, the patent under consideration may perhaps produce results different from, and superior to, those produced by any previous devices. I find nothing in the patent, however, which indicates a purpose to point out, with reference to the bowl, a location for the valve best suited to the purpose of flushing. Evidently the matter of the location of the valve close to the bowl was not among the original purposes of the inventor. His claim for a device leaves the mechanic at liberty to locate the valve even a considerable distance from the bowl. This feature, therefore, although urged with great strenuousness, I cannot find to be a part of the patentee's claim. The other feature of advantage, namely, the exemption from leakage, except into the bowl, is shared by a number of other previous devices brought to the attention of the court. It is insisted that such devices should be excluded from consideration, because they do not relate to the same art, namely, flushing closets, as distinct from slow-acting closets, or pan closets. I cannot concur in this, however. The relation between this character of closets is so close that devices relating to one may, by a mere mechanical adaptation, be applied to the other. The patent in suit is not for a closet as an entirety, but only for one of its mechanical elements, and such elements by adjustment may be adapted to any kind of closet. Rejecting this distinction, therefore, the previous art contained devices for operating the flushing entirely within the water way, so that there could be no leakage, except into the hopper. I am not at liberty to disregard the scope and breadth of the pat-

entee's claim, nor to cut it down to such particulars of construction as, in the devices actually shown, may be new. I must take the claim as stated, or reject it altogether, and, as stated, it is clearly anticipated in the prior art. For these reasons, the bill will be dismissed.